Cindy BLANCO, Melissa Goetz, Karen L. Wilson, individually and on behalf of a class of similarly situated persons, Plaintiffs–Appellants,

v.

Eloise ANDERSON, in her official capacity as Director, California Department of Social Services, S. Kimberly Belshe, in her official capacity as Director of California Department of Health Services, Defendants–Appellees.

No. 94–15183.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 12, 1994.

Submission Deferred Sept. 14, 1994.

Submitted October 26, 1994.

Decided Nov. 2, 1994.

Robert Newman, Katherine E. Meiss, and Clare Pastore, Western Center on Law and Poverty, Los Angeles, CA, Melina Benninghoff, Solano County Legal Assistance, Vallejo, CA, Tom Weathered, San Francisco, CA, James Stoepler, Redwood Legal Assistance, Eureka, CA, and Julise Johanson and Ilene Jacobs, California Rural Legal Assistance, Marysville, CA, for plaintiffs-appellants Cindy Blanco, Melissa Goetz and a class of similarly situated persons.

Michael V. Hammang, Deputy Atty. Gen., Sacramento, CA, for defendants-appellees.

Before: POOLE and NOONAN, Circuit Judges, and MARQUEZ,* District Judge.

NOONAN, Circuit Judge:

Cindy Blanco, a resident of Yuba County, and Karen Wilson and Melissa Goetz, residents of Humboldt County, and others similarly situated, sued Eloise Anderson as Director, California Department of Social Ser-

vices (DSS), and S. Kimberly Belshe as Director, California Department of Health Services (DHS). The plaintiffs contended that the defendants were in violation of the federal Food Stamp Act, 7 U.S.C. §§ 2020, 2025, the Aid to Families with Dependent Children (AFDC) statute, 42 U.S.C. § 602(a)(10)(A) and the federal Medicaid statute, 42 U.S.C. § 1396a(a)(8), because the defendants had approved weekday closings of the county welfare offices administering these programs in Humboldt County, Yuba County and other unnamed counties. The district court granted the plaintiffs' request for an order requiring the defendants to review the hours of operation of the county welfare offices, but declined to grant further relief. The plaintiffs appealed. We remand for reshaping of the court's order.

## PROCEEDINGS

On June 9, 1993, the plaintiffs filed their first amended complaint seeking an injunction requiring the defendants not to permit the closing of the county welfare offices to the public during "normal working days" and a declaratory judgment that "regular weekday closings" of the county welfare offices to the public violated the federal Food Stamp, AFDC and Medicaid Acts and also violated the federal constitution.

The defendants moved to dismiss for failure to state a claim. On August 9, 1993, the district court denied this motion and certified the action as a class action.

Each party filed a motion for summary judgment. The facts were undisputed. The defendants did not deny the weekday closings, including the closings for 12 days during the Christmas season of 1992 by Sonoma and Inyo counties. The counties alleged various reasons of administrative convenience for their practice. The district court ordered the defendants to conduct a review of the hours of operation of the food stamp offices and enjoined workday closing of county welfare offices until the review was completed. Otherwise, the district court granted the de-

* The Honorable Alfred C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation.

fendants' motion for summary judgment. The defendants do not appeal the order to conduct a review. The plaintiffs appeal the district court's statutory rulings.

## ANALYSIS

*Hours Of Being Open To The Public.*

As amended in 1985, the Food Stamp Act directs the Secretary of Agriculture to "(1) establish standards for the efficient and effective administration of the food stamp program by the States, including standards for the periodic review of the hours that food stamp offices are open during the day, week, or month to ensure that employed individuals are adequately served by the food stamp program, and (2) instruct each State to submit, at regular intervals, reports which shall specify the specific administrative actions proposed to be taken and implemented in order to meet the efficiency and effectiveness standards established pursuant to clause (1) of this subsection." 7 U.S.C. § 2025(b).

■ This language is the only portion of the Food Stamp Act dealing with the hours that food stamp offices are "open." The statute plainly assures state reporting on, and federal supervision of, the hours the offices are open. The statute, just as plainly, does not determine what hours must be kept by the offices. The regulation which implements the statute declares in so many words: "State agencies shall be responsible for determining the hours that food stamp offices shall be open." 7 C.F.R. § 272.4(g).

■ Faced with this clear statute and explicit regulation, we can find nothing in federal law imposing a federal obligation as to the hours the county welfare offices must stay open to the public.

Hours of opening are not specified by the federal legislation on AFDC and Medicaid. Assistance under AFDC is to be provided "with reasonable promptness." 42 U.S.C. § 602(a)(10)(A); and the regulations require the assistance to be furnished "without any delay attributable to the agency's administrative process," 45 C.F.R. § 206.10(a)(5)(i), and specify that the application be processed within 45 days of filing. 45 C.F.R.

§ 206.10(a)(3). Similarly, Medicaid is to be provided "with reasonable promptness," 42 U.S.C. § 1396a(a)(8), "without any delay caused by the agency's administrative procedures," 42 C.F.R. § 435.930(a), and within 45 days of application, 42 C.F.R. § 435.911. We find nothing in the statute or the regulations requiring county welfare offices to be open on certain days or hours.

*Access For Application Purposes.*

■ The plaintiffs ask for too much. But they have a lesser request that falls within their larger one. They contend that the offices should be accessible for applications for assistance. In particular, they point out that federal law requires the following: " . . . that each household which contacts a food stamp office in person during office hours to make what may reasonably be interpreted as an oral or written request for food stamp assistance shall receive and shall be permitted to file, on the same day that such contact is first made, a simplified, uniform national application form for participation in the food stamp program designed by the Secretary." 7 U.S.C. § 2020(e)(2). The plaintiffs argue that the purpose of the statutory requirement that a food stamp applicant may file an application on the same day that contact is first made is to assure that the applicant will receive food stamps for the entire period beginning with the day of contact. The plaintiffs point out that if, as in Humboldt County, the welfare office is closed on Friday, it will not receive applications on that day: therefore, an applicant must wait until Monday and lose three days of eligibility for food stamps in the month of application; the applicant may lose four days if a Monday holiday follows the weekend. This loss is substantial, three days in a 30–day month, amounting to a 10 percent loss of food stamps for that month. The plaintiffs maintain that the defendants should not be allowed to frustrate the statutory requirement by simply not accepting any contacts on a given day. They point to the egregious cases of Sonoma and Inyo Counties' closing of the welfare offices for 12 days during the Christmas Season of 1992.

Under the statutory scheme it is the duty of the defendants to supervise the county

welfare offices and the duty of the Secretary of Agriculture to supervise the defendants. A breakdown in administrative supervision has occurred when it is necessary for food stamp applicants to turn to the courts to obtain compliance with the statute. That, however, is the case when the county welfare offices frustrate the statutory purpose by not accepting food stamp applicants during the work day week and the state defendants fail to correct the counties.

Although the county welfare offices need not stay open generally to the public, they are not free to defeat 7 U.S.C. § 2020(e). The term "office hours," as used in this section of the statute, is not such a fluid phrase that the county welfare offices may interpret it to frustrate the statute's purpose. "Office hours," as this term is here used, must mean the regular eight hours of the working day, Monday through Friday. Achievement of the statutory purpose is predicated on this common sense meaning of the phrase. Congress presumes that applications may be filed at anytime during the normal working hours so that the beginning date for assistance will be fixed by the date on which application is made.

■ The same result is reached by a consideration of the statutory requirement that for certain persons in great poverty, such as "a destitute migrant," the food stamps are to be provided no later than 5 days after the date of application. 7 U.S.C. § 2020(e)(9). The county welfare office may not frustrate this statutory commandment by closings such as that of Humboldt County during the Christmas season or even by Friday closings that have the effect of adding three or four days before the application date is determined.

■ Analogously, the date of application for AFDC or Medicaid is affected by failure to take the application on a Friday. To the extent that this postponement creates a three or four day delay beyond the 45 days permitted by the regulations, 45 C.F.R. § 206.10(a)(3) and 42 C.F.R. § 435.911, there is a failure to conform with the federal statutes requiring "reasonable promptness" and the federal regulations requiring action "without any delay attributable to the agency's administrative process."

■ Federal law requires that eligibility for AFDC shall be determined promptly "pursuant to reasonable State-established time standards." 45 C.F.R. § 206.10(a)(3). California has established a time schedule requiring an eligibility determination be made "the next working day" for families in an "emergency situation." Cal.Welf. & Inst. Code § 11266(b). The California statute is, therefore, the federal standard by virtue of the cited federal regulation. The federal standard cannot be complied with if the county welfare office is closed on the working day following an application by a family in an emergency situation.

Medicaid coverage is retroactive for three months before the month in which the application is filed. 42 U.S.C. § 1396a(a)(34); Cal.Welf. and Inst.Code § 14019. If a person sought to apply for Medicaid on Friday, July 29, 1994, but found the office closed and so applied only on Monday, August 1, she would have Medicaid coverage only for May, June and July and would have lost the coverage that she would have had for April if she had been able to apply on July 29.

The federal regulations under Medicaid also provide:

> Financial assistance and medical care and services included in the plan shall be furnished promptly to eligible individuals without any delay attributable to the agency's administrative process ... Under this requirement there must be arrangements to assist applicants and recipients in obtaining medical care and services in emergency situations on a 24–hour basis, 7 days a week.

45 C.F.R. § 206.10(a)(5)(i). An average adult may not incur an emergency from lack of sufficient food, but the same lack of sufficient food for even a limited period may well create an emergency medical situation for young children and pregnant women. The food available to a pregnant woman is critical to her own health and her child's development. A lack of proper nutrition can cause premature birth, low birth weight and acute conditions such as hypoglycemia, hypocalcemia and polycythemia. In addition, postnatal nutritional deprivation creates a substantial risk of cognitive developmental defects. The

statute mandates prompt measures to prevent such serious harms.

These various violations of the federal requirement of "reasonable promptness" as to Medicaid and AFDC and same-day filing for food stamps may be cured either by the county offices receiving such applications during conventional office hours or by the county offices providing that if they are closed during such hours any application made on the next day that they are open shall be filed as if it had been filed during the hours they were closed. However, this latter solution will not be possible for providing AFDC to a family in an emergency situation. To provide for these emergencies, the welfare office must keep a telephone to review such an emergency call and act upon it if the call is made on a regular working day. As Judge Merhige has put it, "Lack of resources and lack of bad faith on the part of the agency officials [are] no excuse for failing to provide the plaintiffs their statutory entitlements." *Robertson v. Jackson*, 766 F.Supp. 470, 476 (E.D.Va.1991), *aff'd*, 972 F.2d 529 (4th Cir.1992).

This case is accordingly REMANDED to the district court with the cooperation of the parties, to fashion a decree consistent with this opinion.