BARKETT, Circuit Judge,
concurring:,
I concur in Chief Judge Hatchett’s excellent opinion in this case. I write separately to explain additionally why, in my view, the Supreme Court’s decision in Suter v. Artist M., 503 U.S. 347, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992), does not mandate the conclusion that the Medicaid Act’s reasonable promptness mandate, 42 U.S.C. § 1396a(a)(8),’ may not be enforced under 42 U.S.C. § 1983.
In Suter, the Supreme Court held that plaintiffs could not enforce the reasonable efforts provision of the Adoption Assistance and Child Welfare Act of 1980 (“AACWA”), 42 U.S.C. § 671(a)(15). That section provides, in relevant part, that “[i]n order for a State to be eligible for payments under this part, it shall have a plan approved by the Secretary which ... provides that, in each case, reasonable efforts' will be made (A) prior to the placement of a child in foster care, to prevent or eliminate the need for removal of the child from his home, and (B) to make it possible for the child to return to his home.”
In concluding that plaintiffs could not enforce the reasonable efforts provision,- Chief Judge Rehnquist’s opinion for the Court in Suter emphasized two, points. First, the Court emphasized that, unlike the substantive right to reasonable rates at issue in Wilder v. Virginia Hospital Ass’n, 496 U.S. 498, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990), the AACWA did not mandate that a State make reasonable efforts to keep families together, but only that it have a plan approved by the Secretary of Health and Human Services that requires that reasonable efforts be made. Suter, 503 U.S. at 358, 112 S.Ct. at 1367 (“the Act does place a requirement on the States, but that requirement only goes so far as to ensure that the State have a plan approved by the Secretary containing the 16 listed features”).
Second, the Suter Court noted that, unlike the Medicaid Act provision in Wilder, the term “reasonable efforts” was left undefined by Congress. “No further statutory guidance is found as to how ‘reasonable efforts’ are to be measured.” Id. at 360, 112 S.Ct. at 1368. Nor did the agency regulations further specify the meaning of the term. The Court found it “significant ... that the regulations are not specific and do not provide notice to the States that failure to do anything other than submit a plan with the requisite features, to be approved by the Secretary, is a further condition on the receipt of funds from the Federal government.” Id. at 362, 112 S.Ct. at 1369.
In contrast, § 1396a(a)(8) more closely resembles the Boren Amendment at issue in Wilder than the AACWA provision in Suter. Section 1396a(a)(8) not only requires States, as a condition of federal funding, to have a plan for medical assistance providing that such assistance will be provided with reason.able promptness, it also imposes a substantive duty on States to provide medical assistance with reasonable promptness. E.g., Blanco v. Anderson, 39 F.3d 969 (9th Cir.1994). As in Wilder, “the right [guaranteed by § 1396a(a)(8)] is not merely a procedural one [that the plan provide that medical assistance be provided reasonably promptly]; rather the Act provides a substantive right to [the provision of reasonably prompt medical assistance].” Wilder, 496 U.S. at 510, 110 S.Ct. at 2517. As Chief - Judge Hatchett’s opinion demonstrates, the plain language of the Medicaid Act and its regulations make this crystal clear. This mandatory language in both the Act and its regulations puts States on notice that their provision of assistance must be reasonably prompt.